UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EARL BRADLEY,<br>*Plaintiff*, | ) CASE NO. 3:23-cv-1623 (KAD)<br>)<br>) |
| v. | )<br>) |
| GLORIA PERRY, *et al.*,<br>*Defendants*. | ) FEBURARY 8, 2024<br>) |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Plaintiff Earl Bradley ("Bradley"), a sentenced prisoner currently confined at Cheshire Correctional Institution, filed this civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against six defendants: DMD Gloria Perry, DDS Dental Director Kasabji, DDS Richard B. Fisher, Dr. Freston, DDS Doe, and Warden Jennifer Reis. He seeks declaratory relief and damages from all defendants in their individual and official capacities.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

In December 2020, Bradley contracted COVID-19 and was transferred to MacDougall-Walker Correctional Institution ("MacDougall"). ECF No. 1 at 4 ¶ 1. On December 21, 2020, he was taken by ambulance to the hospital without an opportunity to pack his property. *Id*. When Bradley returned to MacDougall on December 28, 2020, his dental bridge, consisting of six upper front teeth, was missing. *Id.* at 4 ¶ 2. Bradley has been seeking a less expensive replacement partial denture for three years without success. *Id.* at 4 ¶ 3.

Bradley has filed an action with the Claims Commissioner for the missing bridge and has commenced a state habeas action seeking a partial denture. Neither case is completed. *Id.* at 5 ¶¶ 5–7.

Regarding the replacement partial denture, Bradley alleges that Dental Director Kasabji instructed Dr. Perry to "facilitate the next steps in his dental care plan." *Id.* at 7 ¶ 8(e)(ii). Dr. Perry allegedly attempts to avoid treating Bradley, stating that each time she sees him he "changes his mind" and, as a result, is moved to the end of the list of inmates to be seen for dental care. *Id.* at 7 ¶ 8(c) & (d).

**Discussion**

*Deliberate Indifference to Dental Needs*

Bradley contends that the Defendants are deliberately indifference to his serious dental needs by failing to ensure that he has a dental bridge or partial denture. To state an Eighth Amendment claim for deliberate indifference to serious dental needs, Bradley must allege facts showing that the defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to address it. *See Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 2000) (applying deliberate indifference to medical needs standard set forth in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)

to claim for dental needs).

There are two elements to a deliberate indifference claim. Bradley must allege facts showing that his dental need is objectively serious. *See Hill v. Curcione*, 657 F.3d 116, 122–23 (2d Cir. 2011) (serious medical need contemplates "a condition of urgency" such as "one that may produce death, degeneration or extreme pain") (citation and internal quotation marks omitted); *see also Leniart v. Borchet*, No. 3:20-cv-1098 (KAD), 2020 WL 5765607, at *5 (D. Conn. Sept. 28, 2020) (same). In determining whether a dental need is serious, the court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations and internal quotation marks omitted). "[D]ental conditions, like other medical conditions, may be of varying severity," *id.*, and not all dental problems are sufficient to meet the objective standard.

Bradley alleges that he has not had his six upper front teeth for three years. He does not allege that the missing teeth have caused him any pain. He does allege that "[p]roper dental function is necessary for a healthy diet. Ability to speak properly is impaired. Those without front teeth are socially ostracized." ECF No. 1 at 9. Construing the statements liberally, as the Court must on initial review, Bradley has plausibly alleged that his lack of teeth has affected his daily activities. *Cf. Williams v. Jacobson,* No. 15-cv-28 (VB), 2016 WL 2733136, at *4 (S.D.N.Y. May 9, 2016) (motion to dismiss denied where plaintiff alleged over one year delay in receiving properly fitting dentures and where broken dentures caused pain); *Martin v. Gold*, No. 1:05-cv-28, 2007 WL 474005, at *9 (D. Vt. Feb. 8, 2007) ("[A] reasonable factfinder could conclude that leaving a prisoner without dentures for several months, such that he is in pain, cannot chew his food, and thus cannot take in sufficient nourishment, constitutes callous indifference to that prisoner's rights."). Thus, even absent an allegation of pain, the

Court concludes that the allegations satisfy the objective element of the deliberate indifference standard for the purposes of initial review.

The second element of a deliberate indifference claim is subjective. Bradley must allege facts showing that each defendant was actually aware that his actions or inactions would cause a substantial risk of serious harm. *See Hill*, 657 F.3d at 122. The defendant must have known about and disregarded Bradley's serious dental needs. *See Harrison*, 219 F.3d at 137; *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while aware of a subjective risk that serious inmate harm will result.") (quotation marks and citation omitted). Mere negligent conduct, however, does not constitute deliberate indifference. *See Hill*, 657 F.3d at 123 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.") (internal quotation marks omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

### Dr. Perry

Bradley alleges that Dental Director Kasabji instructed Dr. Perry to "facilitate the next steps in his dental care plan." ECF No. 1 at 7. He also alleges that Dr. Perry falsely indicated on inmate requests and grievances that Bradley had "changed his mind" every time he was sent to the dental unit to justify her failure to provide any treatment. The Court considers these allegations sufficient to plausibly state that Dr. Perry was aware of and disregarded Bradley's dental need. The claim against Dr. Perry will proceed for further development of the record.

### Dr. Fisher

Bradley alleges that Dr. Fisher left Cheshire Correctional Institution before completing Bradley's

treatment plan and allegedly left inadequate dental records. Bradley described Dr. Fisher's care as "sluggish" and below standard. ECF No. 1 at 8. Bradley's allegations constitute, at most, negligence, which is not cognizable under § 1983. Bradley's claim against Dr. Fisher is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### Dr. Freston and Dr. Doe

Bradley alleges only that Dr. Freston was mentioned in a May 19, 2023 email message from Dr. Kasabji to Dr. Perry. He also alleges that other dentists might be involved and has named Dr. Doe in case he finds this to be true.

Rule 8 of the Federal Rules of Civil Procedure requires that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Bradley must allege facts showing how each defendant was deliberately indifferent to his serious dental need. Bradley alleges no facts against Dr. Doe and the allegation against Dr. Freston is insufficient to show that Bradley is entitled to relief from him. Any claims against Dr. Freston and Dr. Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Should Bradley obtain information showing that Dr. Freston was deliberately indifferent to Bradley's need for a partial denture or identify Dr. Doe and obtain information regarding his actions, Bradley may seek to amend his complaint to assert these claims.

*Supervisory Liability*

Two Defendants, Dental Director Kasabji and Warden Reis, are supervisory officials. The Second Circuit has held that "there is no special rule for supervisory liability" and therefore "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal citation omitted). "A supervisor's mere knowledge is not sufficient because that knowledge

does not amount to the supervisor's violating the Constitution." *Id.* at 616-17 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)) (cleaned up). Instead, the plaintiff must identify "facts showing that each supervisor was aware that his or her actions would cause a substantial risk of harm and then disregarded that risk." *Crispin v. Peiri*, No. 3:21-cv-475 (KAD), 2023 WL 2931846, at *8 (D. Conn. Apr. 13, 2023). "Absent such allegations, the failure to supervise subordinates does not state a cognizable claim for supervisory liability." *Id.*

### Dental Director Kasabji

Bradley alleges only that Dental Director Kasabji sent an email to Dr. Perry to address Bradley's dental issues. He alleges no facts showing that this Defendant was aware that nothing had been done to address his dental need. Bradley's allegations against Dental Director Kasabji constitute a failure to supervise his subordinates, which is not a cognizable claim. The claim against Defendant Kasabji is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### Warden Reis

Bradley alleges that Dr. Perry stated in a February 2023 email message to Dental Director Kasabji that it was difficult for Bradley to be seen in the dental unit because he is a protective custody inmate and, before he could go to the medical unit, all inmate medical services had to be shut down. ECF No. 1 at 8. Based on this statement, Bradley contends that Warden Reis was deliberately indifferent to the medical or dental needs of protective custody inmates.

To state a cognizable claim against Warden Reis, Bradley must allege facts showing that she was deliberately indifferent to his dental needs. Bradley alleges no facts suggesting that Warden Reis was aware that Bradley has been without a partial denture for three years or that the requirements to ensure the protection of inmates in protective custody have interfered with Bradley's receipt of dental treatment. Bradley's conclusory allegation is insufficient to state a

claim for supervisory liability against Warden Reis. Thus, the claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Declaratory Relief*

Bradley seeks declaratory relief in the form of a statement that the Defendants violated his rights. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. of Certified Pub. Accountants*, No. 10-cv-2291 (KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] past actions." *Id.* As Bradley's request for declaratory relief seeks a statement about past actions, any request for declaratory relief would not be cognizable. The request for declaratory relief is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Official Capacity Claims for Damages*

Bradley states that he seeks damages from the Defendants in their individual and official capacities. However, he may obtain damages from the Defendants only in their individual capacities. The Eleventh Amendment prohibits an award of damages against state officials in their official capacities unless the state has waived that immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 343 (1979). Nor does Bradley allege facts suggesting that the state has waived immunity in this case. Thus, because all Defendants are state officials,

Bradley cannot obtain damages from any Defendant in his or her official capacity. All claims for damages against the Defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Orders**

All claims against Defendants Fisher, Freston, Doe, Kasabji, and Reis are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). The request for damages from the Defendants in their official capacities, and the request for declaratory relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

The case will proceed on the claim for deliberate indifference to dental needs against Defendant Perry in her individual capacity.

Bradley has two options as to how to proceed in response to this Initial Review Order:

(1) If Bradley wishes to proceed immediately on the claim against Defendant Perry and only as set forth above, he may do so without further delay. If Bradley selects this option, he shall file a notice on the docket by March 9, 2024 informing the Court that he elects to proceed with service as to the claims listed above. The Court will then begin the effort to serve process on Dr. Perry.

(2)  Alternatively, if Bradley wishes to attempt to replead any of the claims asserted in his Complaint that have been dismissed without prejudice in order to attempt to state a viable claim, he may file an Amended Complaint by March 9, 2024. An Amended Complaint, if filed, will completely replace the Complaint and the Court will not consider any allegations made in the Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any Defendants named therein. If Bradley elects to file an Amended Complaint, the Complaint this Initial Review Order addressed will not proceed to service of process on any Defendant.

If the Court receives no response from Bradley by March 9, 2024, the Court will presume that Bradley wishes to proceed on the Complaint as to the claims permitted to go forward in this Initial Review Order, and Bradley will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Change of Address**. If Bradley changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the Court. FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THE CASE. Bradley must give notice of a new address even if he is incarcerated. Bradley should write PLEAS NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Bradley has more than one pending case, he should indicate all the case numbers in the notification of change of address. Bradley should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of February 2024.

    /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE